UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ALAN FALKIEWICZ,

       Plaintiff,                    CIVIL ACTION NO. 12-14404

      v.                             DISTRICT JUDGE MARIANNE O. BATTANI

MICHIGAN DEPARTMENT OF      MAGISTRATE JUDGE MARK A. RANDON
CORRECTIONS, JEFFREY WOODS,
DUNCAN MACLAREN, MICHAEL CURLEY,
SHERRY BURT, DEBRA SCUTT, and
AMERICAN CORRECTIONAL ASSOCIATION,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT ACA'S MOTION TO DISMISS (DKT. NO. 16)**

**I.    INTRODUCTION**

This is a 42 U.S.C. § 1983 prisoner civil rights case. Plaintiff, Scott Falkiewicz, was incarcerated at the Hiawatha Correctional Facility ("HCF") from March 16, 2009 until May 21, 2009 and at the Ojibway Correctional Facility ("OCF") from May 21, 2009 until October of 2009 (Dkt. No. 1 at 5-6). At all other times between 1998 until 2012, Plaintiff was incarcerated at the Parnall Correctional Facility ("PCF") (*Id.* at 5).[1] Plaintiff's Complaint alleges he was forced to: (1) sleep on unsanitary mattresses and pillows at all three facilities; (2) work in the kitchen with dirty clothes at PCF; and (3) eat food portions that did not satisfy the daily

---

[1]Plaintiff was released from incarceration on June 1, 2012. *See* http://www.mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=244693 (last visited February 13, 2013).

allowance of nutrition at PCF (*Id.* at 4-14).

This matter is before the Court on American Correctional Association's ("ACA") Motion to Dismiss (Dkt. No. 16). Plaintiff responded on February 11, 2013 (Dkt. No. 18). Plaintiff alleges that ACA – a private party – violated the Eighth Amendment by not reporting the unsanitary conditions of the mattresses, pillows and clothing and by failing to take reasonable measures to ensure he received proper nutrition (Dkt. No. 1 at 11-14).

Because Plaintiff fails to allege sufficient facts to show ACA is a state actor, **IT IS RECOMMENDED** that ACA's motion be **GRANTED**, and Plaintiff's claims against ACA be **DISMISSED WITH PREJUDICE**.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (internal citation omitted). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the

plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. APPLICABLE LAW AND ANALYSIS

#### A. Plaintiff's Complaint Allegations About ACA

ACA is a private, non-profit organization that inspects and provides accreditations for prisons that comply with its standards (Dkt. No. 1, Pl. Compl., ¶11). Its offices are located in Alexandria, Virginia (*Id.*).

Plaintiff alleges that ACA conducted inspections of the MDOC facilities where he was housed, but failed to report: (1) the unsanitary mattresses and pillows; (2) the unsanitary kitchen work conditions and "clothing in the kitchen," which could lead to food contamination; and (3) the lack of adequate food portions given to Plaintiff and other prisoners (*Id.* at ¶¶ 70, 75, 77, 81, 83, 87, 89).

#### B. ACA was not Acting "Under the Color of State Law"

ACA argues that Plaintiff's Complaint must be dismissed because it is a private corporation that was not acting "under the color of state law." This Magistrate Judge agrees.

In order to establish a claim under 42 U.S.C. § 1983, Plaintiff must set forth facts that

clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). There are limited circumstances where a private party can be sued under § 1983, but none are applicable to Plaintiff's allegations. For instance, "[a] private party's actions constitute state action . . . where those actions may be 'fairly attributable to the state.'" *Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit has recognized three tests to determine whether a private party may be considered a state actor: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Id.*

### 1. Public Function Test

Under the public function test, "a private party is deemed [to be] a state actor if he or she exercised powers traditionally reserved exclusively to the state." *Id.* This test has been narrowly interpreted, and has only been found for such functions as holding elections, exercising eminent domain and operating a company-owned town. *Id.* (citations omitted). Under this test, "the [c]ourt conducts a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing." *Reguli v. Guffee*, 371 Fed. App'x. 590, 600 (6th Cir. 2010) (citation and internal quotation marks omitted). Plaintiff's allegations against ACA do not fit the public function test.

### 2. State Compulsion Test

The state compulsion test "requires that a state exercise such coercive power or provide

such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citations omitted). It is insufficient for an aggrieved party to assert that the state merely approved of or acquiesced in the private party's actions. *Id.* Rather, the plaintiff must "allege and prove that state officials coerced or participated" in the private party's decision-making. *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007). There is no allegation that a state actor coerced or participated in ACA's decision-making. And, ex-government employees working for a private company are private actors. Thus, Plaintiff cannot meet the state compulsion test.

### 3. Nexus Test

Finally, under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007). In order to meet this burden, an aggrieved plaintiff must "demonstrate[] that the state is intimately involved in the challenged private conduct." *Wolotsky*, 960 F.2d at 1335.

Plaintiff argues that ACA satisfies the nexus text because it: (1) "primarily employs ex-state and ex-MDOC employees as inspectors"; (2) produced false accreditation reports for the MDOC; and (3) had a contract with the MDOC (Dkt. No. 18 at 4). Plaintiff essentially argues that ACA conspired with the MDOC to fraudulently accredit the facilities. "To make such a

claim actionable, the private and the public actors[2] must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated. A plaintiff must 'allege specific facts to show an agreement.'" *Bisby v. Garza*, 342 Fed. Appx. 969, 972 (5th Cir. 2009) (citation omitted). Plaintiff fails to set forth factual allegations sufficient to conclude that a sufficiently close nexus existed between the MDOC and ACA, or that the MDOC and ACA were involved in a conspiracy. "[C]onspiracy claims must be pled with some degree of specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Here, Plaintiff does not identify how or when the conspiracy took place or what facts support the conclusion that there was a conspiracy at all.

Notably, this Magistrate Judge could not find a single case in which ACA was found to be a state actor for § 1983 purposes; all have reached the opposite conclusion. *See Dandridge v. Mississippi,* No. 0-229KS, 2009 WL 972856 at * 4 (S.D. Miss. April 10, 2009) ("The evidence in this case indicates that ACA is a private and completely independent, non-profit, tax-exempt, charitable, educational organization. ACA and its accredited correctional facilities do have a contractual relationship pursuant to which the facilities are inspected and accredited, but a contractual relationship between a government agency and a private party, standing alone, is insufficient to convert a private action into a state action"); *Bisby*, 342 Fed. Appx. at 972-73; *Bumpas v. Corr. Corp. of Am.*, No. 3:10-1055, 2011 WL 3841674 at *5 (M.D. Tenn. Aug. 30, 2011); *Miller v. Harrison County*, 1:07CV541, 2008 WL 4793801 at *2-3 (S.D. Miss. Oct. 29,

---

[2] Again, ex-government or ex-MDOC employees retained by a private company are not public actors.

2008); *Payne v. Am. Corr. Ass'n*, 3:11-CV-389, 2012 WL 1457757 at *2 (S.D. Miss. April 27, 2012); *Estate of Williams v. Am. Corr. Ass'n*, 1:06cv196, 2008 WL 244322 at *3 (S.D. Miss. Jan. 27, 2008).

## IV.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that ACA's motion to dismiss (Dkt. No. 16) be **GRANTED**, and Plaintiff's claims against ACA be **DISMISSED WITH PREJUDICE**.[3]

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of

---

[3] Any attempt by Plaintiff to amend his Complaint would be futile.

service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

        s/Mark A. Randon
        MARK A. RANDON
        UNITED STATES MAGISTRATE JUDGE

Dated: February 20, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 20, 2013, electronically and by first class mail.*

        *s/Eddrey Butts*
        *Acting Case Manager to Magistrate Judge Mark A. Randon*