UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ALAN FALKIEWICZ,

       Plaintiff,                      CIVIL ACTION NO. 12-14404

    v.                                    DISTRICT JUDGE MARIANNE O. BATTANI

MICHIGAN DEPARTMENT OF         MAGISTRATE JUDGE MARK A. RANDON
CORRECTIONS, JEFFREY WOODS,
DUNCAN MACLAREN, MICHAEL CURLEY,
SHERRY BURT, DEBRA SCUTT, and
AMERICAN CORRECTIONAL ASSOCIATION,

       Defendants.
_____/

### AMENDED REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 15, 20)

**I.    INTRODUCTION**

Two motions are before the Court: (1) Michigan Department of Corrections ("MDOC"), Jeffrey Woods, Debra Scutt, Duncan MacLaren and Michael Curley's Motion for Dismissal (Dkt. No. 15); and (2) Sherry Burt's Motion for Dismissal (Dkt. No. 20) (collectively "Defendants"). Plaintiff responded to both motions (Dkt. Nos. 17, 21).

For the following reasons, **IT IS RECOMMENDED** that Defendants' motions be **GRANTED**, and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.[1]

---

[1] On February 20, 2013, this Magistrate Judge recommended that Plaintiff's claims against ACA be dismissed (Dkt. No. 23). If the Court agrees and dismisses ACA, and also agrees with this report and recommendation, all of Plaintiff's claims will be resolved.

1

## II.     BACKGROUND

Plaintiff was an inmate with the MDOC from August 8, 1995 until June 1, 2012 (Dkt. No. 1 at 5).  He was housed at the Parnell Correctional Facility ("PCF") from 1998 until March 16, 2009 (*Id.*); the Hiawatha Correctional Facility ("HCF") from March 16, 2009 until May 21, 2009 (*Id.*); and the Ojibway Correctional Facility ("OCF") from May 21, 2009 until October of 2009 (*Id.* at 6).  In October of 2009, Plaintiff returned to PCF, where he remained until his release in 2012 (*Id.* at 7).

The individual Defendants are officials of the facilities where Plaintiff was housed: Jeffrey Woods was HCF's Warden, Duncan MacLaren was the Deputy Warden; Michael Curley was OCF's Warden; Sherry Burt was PCF's Warden until February 20, 2011; and Debra Scutt was PCF's Warden beginning February 20, 2011 (*Id.* at 2-3).

Plaintiff's Complaint alleges Defendants violated the Eighth Amendment by forcing him to: (1) sleep on unsanitary mattresses and pillows at all three facilities; (2) work in the kitchen with dirty clothes at PCF; and (3) eat food portions that did not satisfy the daily allowance of nutrition at PCF (*Id.* at 4-14).  Plaintiff also alleges Defendants violated the First Amendment by transferring him to different facilities in retaliation for filing complaints (*Id.* at 4-7, 15).

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not

accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555 (internal citation omitted). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under

3

some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief could be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

IV. **APPLICABLE LAW AND ANALYSIS**

    A. **Eleventh Amendment Immunity Bars Plaintiff's Claims Against the MDOC and Against the Individual Defendants in their Official Capacities**

        1. **MDOC**

The Eleventh Amendment provides states immunity from suit by private citizens in federal courts. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). There are only three qualified exceptions to this grant of immunity. First, the grant of immunity may be waived by the state; second, Congress may, in certain constitutionally mandated circumstances,

abrogate the states' immunity through statute; and third, "a federal court may enjoin a 'state official' from violating federal law." *Id.* at 334-335 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

The state of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Additionally, the language of § 1983 itself does not permit suits against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).

Plaintiff has failed to state a claim against the MDOC upon which relief may be granted under § 1983. Plaintiff's argument that the MDOC is not entitled to immunity as a state agency is misplaced. *See e.g., Sims v. Michigan Dep't of Corr.*, 23 Fed.Appx. 214, 215 (6th Cir. 2001) ("Because the MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity"); *Walton v. Michigan Dep't of Corr.*, No. 2:12-CV-12621, 1998 WL 537546 at *2 (E.D. Mich. Aug. 10, 1998) ("The complaint and amended complaint were subject to dismissal on the ground of Eleventh Amendment immunity, because only the MDOC, a state agency, was named as a defendant"); The MDOC should be dismissed from this lawsuit.

### 2. Individual Defendants

Plaintiff sued the individual Defendants in their official and individual capacities. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). Thus, "a suit for monetary damages against an individual in his or her official capacity is deemed to be an action

5

against the state." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). The Eleventh Amendment bars civil rights actions for money damages under § 1983 against state employees sued in their official capacities. *Id.* Plaintiff's claims for monetary damages from the individual Defendants for violations of § 1983, which occurred while these Defendants were acting in their official capacities, are also barred by the Eleventh Amendment and should be dismissed.

### B. Statute of Limitations

The individual Defendants argue that some of Plaintiff's claims are barred by the three-year statute of limitations applicable to § 1983 cases filed in Michigan. Plaintiff argues that the individual Defendants' actions constituted a "continuing wrong" and are not barred by the statute of limitations.[2] "Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) (citations omitted).

#### 1. Unsanitary Mattresses and Pillows

##### a. HCF

Plaintiff knew he was issued an unsanitary mattress and pillow when he arrived at HCF on March 16, 2009, and he had until March 16, 2012 to file a complaint against Woods and MacLaren regarding the unsanitary conditions. However, Plaintiff did not file his Complaint until October 4, 2012; therefore, his claims against Woods and MacLaren for unsanitary conditions should be dismissed as barred by the statute of limitations.

---

[2] Plaintiff does acknowledge, however, that Woods and MacLaren's actions occurred more than three years before he filed his Complaint (Dkt. No. 17 at 3).

Even assuming Woods and MacLaren's failure to provide Plaintiff clean bedding continued over a period of time, Plaintiff's claims are still barred by the statute of limitations. Woods and MacLaren's alleged violation ended when Plaintiff was transferred from HCF to OCF on May 21, 2009.[3] Therefore, at the latest, Plaintiff had until May 21, 2012 to file his complaint.

### b. OCF

Plaintiff knew he was issued an unsanitary mattress and pillow when he arrived at OCF on May 21, 2009, and he had until May 21, 2012 to file a complaint against Curley regarding the unsanitary conditions. However, Plaintiff did not file his Complaint until October 4, 2012, and his claim against Curley for unsanitary conditions should be dismissed as barred by the statute of limitations.

Even assuming Plaintiff's ongoing failure to receive clean bedding at OCF constituted a continuing violation that did not end until he was transferred to PCF in October 2009, his claim should still be dismissed. "Liability under § 1983 must be based on the personal involvement of the defendant." *See Dunbar v. Caruso*, No. 1:11-CV-10123-DT, 2011 WL 3474044 at *4 (E.D. Mich. July 12, 2011) (citation omitted). Plaintiff did not make any factual allegations showing Curley's personal involvement in failing to provide him a clean mattress and pillow:

> 29. Plaintiff was at [OCF] from May 21, 2009 to about October 2009. Here . . ., Plaintiff was issued a bunk that had a mattress and pillow that was

---

[3] Woods and MacLaren could not have violated Plaintiff's constitutional rights once he was transferred to another facility as they had no connection to the other facility. *See Nichols v. Mineta*, 26 Fed.Appx. 729, 733 (9th Cir. 2002) (where allegedly discriminatory decisions were not made by the same supervisors and there was no evidence to show coordination with those supervisors [under Title VII] the decisions were not "sufficiently related to support an allegation of continuing violation").

>
> cracked beyond the abilities to sanitize it.
>
> 30. Plaintiff complained to staff but was told that nothing could be done because there were no other mattresses or pillows.
>
> 31. Defendant Curley, as warden, is the final authority over whether purchases are made for new bedding.
>
> . . .
>
> 67. At [OCF], subordinates of Curley knew of the condition of the mattresses and pillows and said there were no replacements. Defendant Curley, as warden, is responsible for the condition of his facility and thus was refusing to correct the problem.

(Dkt. No. 1 at 6, 11). Further, Curley "may not be held liable for the unconstitutional conduct of [his] subordinates under a theory of respondeat superior or vicarious liability." *Payne v. Heyns*, No. 2:12-cv-312, 2012 WL 5182800 at \*3 (W.D. Mich. Oct. 18, 2012) (citing *Iqbal*, 556 U.S. at 676); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). A supervisory official's awareness of alleged *illegal* conduct *after the fact* does not provide a basis for imposition of damages under 42 U.S.C. § 1983. *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989) (emphasis added) (citation omitted). Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), *cert. den.*, 488 U.S. 1007 (1989). The supervisor must have directly participated in the alleged wrongful conduct:

> [A] supervisory official's failure to, control, or train the offending individual is not actionable, unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it."

*Id.*

### 2. Retaliation Claims

8

### a. Plaintiff's Transfer from PCF to HCF

Plaintiff alleges he was transferred from PCF to HCF on March 16, 2009 in retaliation for his brother complaining to the U.S. Postmaster General about housing staff stealing Plaintiff's magazines (Dkt. No. 1 at 5). Plaintiff had three years from March 16, 2009 – until March 16, 2012 – to file a complaint, but he waited until October 4, 2012. Plaintiff's retaliation claim against Burt and Scutt should be dismissed as barred by the statute of limitations.

### b. Plaintiff's Transfer from HCF to OCF

Plaintiff alleges he was transferred from HCF to OCF on May 21, 2009 in retaliation for complaints made about the unsanitary conditions at HCF (Dkt. No. 1 at 6). Plaintiff had three years from May 21, 2009 – until May 21, 2012 – to file a complaint, but he waited until October 4, 2012. Plaintiff's retaliation claim against Woods and MacLaren should be dismissed as barred by the statute of limitations.

### C. Plaintiff's Remaining Claims Against Wardens Burt and Scutt

Plaintiff's remaining claims are against Wardens Burt and Scutt for: (1) the unsanitary mattress and pillow he received at PCF in October of 2009; (2) the unsanitary kitchen conditions at PCF; and (3) the inadequate food portions at PCF. Plaintiff alleges Burt and Scutt were deliberately indifferent to his welfare because they personally knew about the conditions at PCF but failed to replace the unsanitary bedding and the clothing worn in the kitchen, and failed to ensure he received the proper nutrition (Dkt. No. 1 at ¶¶ 13-15, 34, 38-39, 68-69, 71, 76-77, 82-83, 88-89).

Here again "[i]n order to state a claim under § 1983 '[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of

9

his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant.'" *See Dunbar*, No. 1:11-CV-10123-DT, 2011 WL 3474044 at *4 (citation omitted). Plaintiff did not make any factual allegations showing Burt and Scutt's personal involvement in the complained-of acts, and legal conclusions disguised as factual allegations are not sufficient to withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Accordingly, these claims against Burt and Scutt should be dismissed.

## V. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' motions (Dkt. Nos. 15, 20) be **GRANTED**, and Plaintiff's claims against MDOC, Jeffrey Woods, Duncan MacLaren, Michael Curley, Sherry Burt and Debra Scutt be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does

not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

                                         s/Mark A. Randon
                                         MARK A. RANDON
                                         UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, February 26, 2013, electronically and by first class mail.*

                                         *s/Eddrey Butts*
                                         *Acting Case Manager to Magistrate Judge Mark A. Randon*