UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ALAN FALKIEWICZ,

    Plaintiff,

CASE NO. 12-14404

HON. MARIANNE O. BATTANI

v.

MAGISTRATE Judge Mark A. Randon

MICHIGAN DEPARTMENT OF CORRECTIONS, JEFFREY WOODS, DUNCAN MACLAREN, MICHAEL CURLEY, SHERRY BURT, DEBRA SCUTT, and AMERICAN CORRECTIONAL ASSOCIATION

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Plaintiff, Scott Falkiewicz, filed this action *pro se* alleging that Defendants violated his constitutional rights while he was incarcerated at three facilities: Hiawatha Correctional Facility ("HCF"), Ojibway Correctional Facility ("OCF"), and Parnell Correctional Facility. The Court referred this matter to Magistrate Judge Mark A. Randon for all pretrial proceedings. (Doc. No. 4).

Defendant, American Correctional Association ("ACA"), filed a Motion to Dismiss, and the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the motion be granted because Plaintiff failed "to allege sufficient facts to show ACA is a state actor." (Doc. No. 23 at 2). Plaintiff objects to the R&R.

1

The Court has reviewed the filings, including Plaintiff's objections, and the ACA's response. For the reasons that follow, the Court finds the objections lack merit, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

## I. INTRODUCTION

This is a prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff, Scott Falkiewicz, was incarcerated in the State of Michigan from August 8, 1995, to June 1, 2012. (Doc. No. 1 at ¶ 21). Plaintiff was primarily housed at the Parnell Facility between 1998 and 2012. Plaintiff also was incarcerated briefly at HCF from March 16, 2009 until May 21, 2009, and at the OCF from May 21, 2009 until October of 2009. (Id. at ¶¶ 22-29).

ACA, is a non-profit organization responsible for inspection of the Michigan Department of Corrections ("MDOC") facilities, including Parnell, HCF, OCF, and its staff. The ACA provides accreditations for prisons that comply with its standards. (Id. at ¶ 11). Plaintiff alleges ACA conducted inspections and did not report: (1) unsanitary mattresses and pillows; (2) unsanitary kitchen clothing which could lead to food contamination; (3) and lack of adequate food portions and nutrition to Plaintiff and other prisoners, and took no measures to correct these violations. (Id. at ¶¶ 70, 75, 77, 81, 83, 87, 89).

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a de novo review of those parts of the report and recommendation to which the party objects. 28

U.S.C. § 636(b)(1)(C). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III.   ANALYSIS

In his complaint, Plaintiff alleges in Counts I-IV, violations of the Eighth Amendment-unsanitary bedding, unsanitary work conditions, unsanitary food conditions, and reduced food portions. Plaintiff alleges that he is entitled to damages under 42 U.S.C. § 1983. ACA asserts that each of these causes of action fails to state a claim upon which relief can be granted and should be dismissed.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts that clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006). Here, it is undisputed that ACA is a private actor. "A private party's actions constitute state action under section 1983 where those actions may be 'fairly attributable to the state.'" Chapman v. Higbee Co., 319 F.3d 825, 833 (6th Cir. 2003). The Sixth Circuit has established three tests to determine whether an action may be "fairly attributable to the state": (1) the public function test; (2) the state compulsion test; and (3) the nexus test. Id.

Under the public function test, the issue is whether the private party "exercised powers traditionally reserved exclusively to the state." Id.  Under the state compulsion test, plaintiff must show the state exercised overt or covert coercive power or significant encouragement to the extent "that in law the choice of the private actor is deemed to be that of the state." Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992).  Under the nexus test, "a section 1983 claimant must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." Chapman, 319 F.3d at 834.  In the R&R, Magistrate Judge Randon recommended that the matter be dismissed because Plaintiff failed to allege sufficient facts that meet any of the three tests to establish that ACA is a state actor. (Doc. No. 23 at 2-7).  This Court agrees with the recommendation.

On February 20, 2013, the Magistrate Judge filed his recommendation that Defendant, ACA be dismissed from the case.  Plaintiff received notice that the Magistrate Judge's report and recommendation had been filed.  The notice specifically warned Plaintiff that he had fourteen days to file objections, and in the event objections were not made, he had waived his right to appeal. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Because Plaintiff did not object to the Magistrate Judge's recommendation concerning the public function test, this Court adopts the Magistrate Judge's recommendation that Plaintiff's complaint does not advance allegations sufficient to satisfy the public function test.

Plaintiff did object to the Magistrate Judge's findings concerning the state compulsion test, but failed to do so with specificity.  "[A] general objection to a

magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. Id. (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991)). Consequently, the Court accepts the finding that the state compulsion test does not establish ACA as a state actor. (Doc. No. 23 at 6).

Finally, Plaintiff objects to the Magistrate Judge's finding that "Plaintiff fails to set forth factual allegations sufficient to conclude that a sufficiently close nexus existed between the MDOC and ACA, or that the MDOC and ACA were involved in a conspiracy." (Doc. No. 27 at 1). Plaintiff disagrees.

To sufficiently allege a civil conspiracy, Plaintiff must establish that there was "an agreement between two or more persons to injure another" through an unlawful action. Farhat v. Jopke, 370 F.3d 580, 599 (6th Cir. 2004). Furthermore, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." Id.

Here Plaintiff alleges in his complaint that "ACA primarily employs ex-state and ex-MDOC employees as inspectors." (Doc. No. 1 at ¶ 20). Plaintiff further argues that ACA "produced false accreditation reports for MDOC" and "had a contract with the MDOC." (Doc. No. 23 at 6). This Court agrees with the analysis in the R&R that Plaintiff has failed to identify facts about how and when the conspiracy took place and whether a conspiracy existed at all. (Id. at 7).

Furthermore, under the nexus test, "private actors such as ACA can be found to have acted under color of law only if they are 'willful participants in joint action with the

5

state or its agent.'" Dandridge v. Mississippi, 2:08CV229KS-MTP, 2009 WL 972856 (S.D. Miss. Apr. 10, 2009) (citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)). ACA has no authority to correct deficiencies; it merely possesses the power to deny accreditation. Here, ACA's contractual relationship with MDOC simply does not create an inference that it willingly participated in the conduct alleged by Falkiewicz. This Court observes that not a single case where the court has found ACA to be a state actor under a § 1983 claim. See Bisby v. Garza, 342 Fed. Appx. 969, 972 (5th Cir. 2009); Bumpas v. Corr. Corp. of Am., No. 3:10-1055, 2011 WL 3841674 at *5 (M.D. Tenn. Aug. 30, 2011); Miller v. Harrison County, 1:07CV541, 2008 WL 4793801 at *2-3 (S.D. Miss. Oct. 29, 2008); Payne v. Am. Corr. Ass'n., 3:11-CV-389, 2012 WL 1457757 at *2 (S.D. Miss. April 27, 2012); Estate of Williams v. Am. Corr. Ass'n., 1:06cv196, 2008 WL 244322 at *3 (S.D. Miss. Jan. 27, 2008).

Because the Plaintiff has not articulated facts alleging "a sufficiently close nexus existed between the MDOC and ACA," and the allegations do not sufficiently satisfy the public function test or the state compulsion test, this Court concludes that Plaintiff fails to state a claim against ACA.

### IV.   CONCLUSION

Accordingly, this Court rejects the objections and **ADOPTS** the Magistrate Judge's R&R.  Defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

Dated:  August 1, 2013         s/Marianne O. Battani
                               MARIANNE O. BATTANI
                               U.S. DISTRICT COURT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 31, 2013, by electronic and/or ordinary mail.

                                                s/Holly Monda
                                                Case Manager