UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ALAN FALKIEWICZ,

    Plaintiff,

CASE NO. 12-14404

HON. MARIANNE O. BATTANI

v.

Magistrate Judge Mark A. Randon

MICHIGAN DEPARTMENT OF
CORRECTIONS, JEFFREY WOODS,
DUNCAN MACLAREN, MICHAEL
CURLEY, SHERRY BURT, DEBRA
SCUTT, and AMERICAN
CORRECTIONAL ASSOCIATION

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS AND DISMISSING COMPLAINT**

Plaintiff, Scott Falkiewicz, filed this action *pro se* alleging that Defendants violated his constitutional rights while he was incarcerated at three facilities: Hiawatha Correctional Facility ("HCF"), Ojibway Correctional Facility ("OCF"), and Parnall Correctional Facility ("PCF"). The Court referred this matter to Magistrate Judge Mark A. Randon for all pretrial proceedings. (Doc. No. 4).

Defendants, Michigan Department of Corrections ("MDOC"), Jeffrey Woods, Debra Scutt, Duncan MacLaren, Michael Curley moved for dismissal on January 29, 2013. Defendant Sherry Burt filed a Motion to Dismiss on February 12, 2013. On February 26, 2013, the Magistrate Judge issued an Amended Report and Recommendation ("R&R") recommending the motion be granted, citing Eleventh

Amendment immunity, the statute of limitations, and Plaintiff's failure to "make any factual allegations showing Burt and Scutt's personal involvement." (Doc. No. 25 at 1, 4, 6, 9).

On March 1, 2013, Plaintiff filed a motion to withdraw his complaint because he mistakenly believed jurisdiction was proper in federal court. (Doc. No. 28 at 1). The Magistrate Judge subsequently recommended that the motion be granted and claims against MDOC and the individual defendants in their official capacities be dismissed without prejudice. (Doc. No. 30 at 2). The Magistrate Judge acknowledged that his recommendations for dismissal of the individual defendants in their personal capacities, for the reasons stated in the February 26, 2013, R&R, still needed to be considered by the Court. (Id.)

The Court has reviewed the filings, including Plaintiff's objections. For the reasons that follow, the Court finds the objections lack merit, **ADOPTS** the R&Rs, and **DISMISSES WITHOUT PREJUDICE**, Plaintiff's claims against MDOC and the individual defendants in their official capacities. All claims against individual Defendants in their personal capacities are **DISMISSED WITH PREJUDICE**.

## I.   INTRODUCTION AND BACKGROUND

This is a prisoner civil rights case brought under 42 U.S.C. § 1983. Plaintiff, Scott Falkiewicz, was incarcerated by the State of Michigan from August 8, 1995, to June 1, 2012. (Doc. No. 1 at ¶ 21). Plaintiff was housed primarily at PCF between 1998 and 2012, but was incarcerated briefly at HCF from March 16, 2009 until May 21, 2009, and at the OCF from May 21, 2009 until October of 2009. (Id. at ¶¶ 22-29). Burt served as the warden of PCF until February 20, 2011, when Scutt assumed the

position. At all relevant times, Woods served as warden of HCF and MacLaren served as deputy warden. Curley served as the warden of OCF. (Id. at ¶¶ 6-10).

According to Plaintiff, while he was incarcerated at these facilities, he was forced to sleep on unsanitary mattresses and pillows, he was forced to work in the kitchen with dirty clothes at PCF, and eat food portions that did not satisfy the daily allowance of nutrition at PCF in violation of the Eighth Amendment. Plaintiff further alleges that Defendants violated his First Amendment rights by transferring him to different facilities in retaliation for complaining to a resident unit officer about the mattresses and pillows, and in retaliation for his brother complaining to the U.S. Postmaster General.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III. ANALYSIS

In his complaint, Plaintiff alleges in Counts I-V, violations of the Eighth Amendment--unsanitary bedding, unsanitary work conditions, unsanitary food conditions, reduced food portions, and retaliatory violations of the First Amendment. Plaintiff alleges, that he is entitled to damages as a result of Defendants' alleged violations of 42 U.S.C. § 1983. Defendants assert that each of these causes of action fail to state a claim upon which relief can be granted and should be dismissed.

#### A. Plaintiff's Claims Against Woods and MacLaren - HCF

Plaintiff brings an Eighth Amendment claim and a First Amendment claim based on his incarceration at HCF. The parties dispute whether Plaintiff's actions are barred by the statute of limitations.

The state's statute of limitation governing personal injury claims likewise governs § 1983 claims. Wilson v. Garcia, 471 U.S. 261, 272 (1985). Under Michigan law, the statute of limitations for personal injury claims is three years from the time of the injury. Mich. Comp. Laws § 600.5805(10).

On March 16, 2009, Plaintiff was transferred to HCF, where he received unsanitary mattresses and pillows that were badly cracked. (Doc. No. 1 at ¶ 23). Because of the three year limitation, Plaintiff had until March 16, 2012, to file his complaint against Woods and MacLaren for unsanitary conditions. Plaintiff filed his complaint against Woods and MacLaren on October 4, 2012.

Plaintiff maintains the actions constitute a "continuing wrong," and therefore March 16, 2009, is not the date of injury. Plaintiff's argument is unavailing. "Under federal law the statute begins to run when plaintiffs knew or should have known of the

injury which forms the basis of their claims." Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001). Even if Defendant's actions constituted a continuing wrong, the claims still are barred. Plaintiff was incarcerated at HCF until May 21, 2009, when he was transferred to OCF. Under his own continuing wrong theory, Plaintiff had until May 21, 2012, to file his complaint against Woods and MacLaren, yet he did not file his complaint until October 4, 2012.

Plaintiff alleges he was transferred from HCF to OCF on May 21, 2009, in retaliation for Plaintiff's brother complaining on the telephone to Woods and MacLaren about the living conditions. (Id. at ¶¶ 27-28). Plaintiff had three years, until May 21, 2012, to make this retaliation claim, but did not file his complaint until October 4, 2012. Therefore, Plaintiff's retaliation claim against Woods and MacLaren is barred by the statute of limitations.

### B. Plaintiff's Claims Against Curley – OCF

#### 1. Statute of Limitations

On May 21, 2009, Plaintiff was transferred to OCF and was again issued unsanitary mattresses and pillows. (Doc. No. 1 at ¶ 29). Plaintiff had until May 21, 2012, to file his complaint for unsanitary conditions. Plaintiff did not file his complaint against Curley until October 4, 2012; therefore, his claim is barred by the statute of limitations.

#### 2. Personal Involvement

Even if Plaintiff's claim against Curly constituted a continuing wrong that did not end until he was transferred to PCF in October 2009, his claim still should be dismissed. (R&R, Doc. No. 25 at 7). "Liability under § 1983 must be based on the personal

5

involvement of the defendant." (Id. citing Dunbar v. Caruso, No. 1:11-CV-10123-DT, 2011 WL 3474044 at *4 (E.D. Mich. July 12, 2011)).  In his complaint, Plaintiff did not make any factual allegations that Curly was involved in failing to provide Plaintiff with a sanitary mattresses and pillows.  Id.  Furthermore, "[m]erely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personal under § 1983.  The supervisor must have directly participated in the alleged wrongful conduct."  Id. (citing Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988)).  Here, Plaintiff has made no factual allegations regarding Curley's personal involvement in failing to provide sanitary mattresses or pillows; therefore, Plaintiff's claim against Curley is dismissed.

    **C.**    **Plaintiff's Claims Against Burt and Scutt – PCF**

        **1.**    **Statute of Limitations**

On March 16, 2009, Plaintiff was transferred from PCF to HCF.  Plaintiff alleges this transfer was in retaliation for his brother contacting the U.S. Postmaster General to complain about housing staff stealing Plaintiff's magazines.  (Doc. No. 1 at ¶ 22).  Plaintiff had three years, until March 16, 2012, to file a complaint against then acting warden Burt, but waited until October 4, 2012.  Therefore, Plaintiff's claim against Burt is barred by the statute of limitations.

        **2.**    **Personal Involvement**

Plaintiff's remaining claims against Burt and Scutt are for: (1) the unsanitary mattresses and pillows Plaintiff received at PCF in October 2009; (2) the unsanitary work conditions at PCF; and (3) the inadequate food portions at PCF.  Plaintiff claims that wardens, Burt and Scutt, personally knew about the conditions at PCF and failed to

replace the unsanitary bedding and kitchen clothing, failed to provide for proper nutrition, and acted with deliberate indifference to his welfare. (Id. at ¶¶ 13-15, 34, 38-39, 68-69, 71, 76-77, 82-83, 88-89).

This Court agrees with the analysis of the R&R.  "Liability under § 1983 must be based on the personal involvement of the defendant."  (R&R, Doc. No. 25 at 10, citing Dunbar v. Caruso, No. 1:11-CV-10123-DT, 2011 WL 3474044 at *4).  To survive a motion to dismiss, Plaintiff must allege facts, not simply legal conclusions guised as factual allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 678.  Plaintiff objects to the Magistrate Judge's recommendation that "Plaintiff did not make any factual allegations showing Burt and Scutt's personal involvement."  (Doc. No. 31 at 3).

Plaintiff alleges in his complaint, Burt and Scutt have "intentionally created conditions that allow hazardous bacteria to grow and be spread to other prisoners, to which Plaintiff was exposed."  (Doc. No. 1 at 14).  This Court agrees with the characterization in the R&R that, Plaintiff only provided in his complaint, "legal conclusions guised as factual allegations" which cannot withstand a motion to dismiss.  (R&R, Doc. No. 25 at 10).  Plaintiff did not allege in his complaint any allegations showing Burt and Scutt's personal involvement in the deprivation of Plaintiff's rights.  In his objection, Plaintiff concedes that his claim arise out of Burt and Scutt's failure to maintain adequate resources to provide for him.  He has no facts to show deliberate indifference.  Accordingly, these claims against Burt and Scutt are dismissed.

> D. **Plaintiff's Claims Against MDOC and the Individual Defendants In Their Official Capacities.**

On March 1, 2013, Plaintiff filed a motion to withdraw his complaint because he mistakenly believed jurisdiction was proper in federal court.  This Court agrees with the

analysis in the R&R and Plaintiff does not object.  Plaintiff's claims against MDOC and the individual Defendants in their official capacities are dismissed without prejudice.

## IV.	CONCLUSION

Accordingly, this Court rejects the objections and **ADOPTS** the Magistrate Judge's R&R.  Defendants' motion is **GRANTED**, and the Court **DISMISSES WITH PREJUDICE** the individual Defendants in their personal capacities.  Further, Plaintiff's motion is **GRANTED**, and his claims against the MDOC and the individual Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.


Dated:  July 31, 2013              s/Marianne O. Battani
                                   MARIANNE O. BATTANI
                                   U.S. DISTRICT COURT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 31, 2013, by electronic and/or ordinary mail.

                                   s/Holly Monda
                                   Case Manager